## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 04-cv-2526-RPM

DAVID LEONARDI,
d/b/a LEONARDI EXECUTIVE HEALTH INSTITUTE

      Plaintiff,

v.

CENEGENICS, LLC,
d/b/a CENEGENICS MEDICAL INSTITUTE

      Defendant.

---

### ~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER

---

During the course of the above captioned matter, the parties may be required to produce information that the person from whom the information is sought considers to be trade secret or other confidential research, development, or commercial information. In order to prevent the use or disclosure of such confidential information except as set forth herein, the parties have submitted this Stipulated Protective Order. Accordingly, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and by agreement of undersigned counsel, it is

ORDERED that:

1.    This Stipulated Protective Order governs the handling of all documents, records, tangible materials, testimony, responses to discovery and other information produced, served, disclosed or filed, whether voluntarily or through discovery or other proceedings, including, without limitation, all copies, excerpts, and summary (collectively "Material") in connection with this action.

1

2.     The provisions of this Stipulated Protective Order shall apply to (1) the Parties to this action and (2) any person who agrees to be bound by the terms of this Stipulated Protective Order.  As used herein, "Person" includes the named Parties and others who have agreed to be bound by this Stipulated Protective Order.  "Parties" is limited to the named Parties in this action.

3.     One who provides, serves, discloses or files any Material in connection with this action, and who in good faith believes such Material contains trade secrets or proprietary or nonpublic technical, commercial, financial, personal or business information ("Designator"), may designate such Material as "Confidential."  The Material so designated shall be deemed "Confidential Material" subject to this Protective Order.

4.     Confidential Material shall be subject to the following restrictions:

(a)     Confidential Material shall be used only for the limited purpose of preparing for and conducting this action (including appeals), and not for any other purpose whatsoever, and shall not be given, or otherwise disclosed, in any way to anyone except those specified in subparagraph 4(b).

(b)     Confidential Material may be disclosed solely for the purposes set forth above and only to:

(1)     Counsel of record and any other counsel for the Parties in this action, members of their firms and associates, associate attorneys, paralegal, clerical, and other regular employees of such counsel who are assisting in the conduct of this action.

(2)     Those principals or employees of each party that

2

each counsel of record, in good faith, requires to provide assistance in the conduct and evaluation of this action.

> (3) The Court and court personnel.

> (4) Consultants or experts retained solely for this action.

> (5) Any person whom the Designator agrees to in writing.

> (6) Persons presently employed or retained by the Designator.

> (7) Former employees of the Designator called as witnesses but only to the extent that such Confidential Material referred to, relates to or reflects events which occurred prior to or during that employment.

(c) In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use. Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the documents under seal. Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.L.Civ.R. 7.2 and 7.3 and demonstrate that the Confidential Information at issue is entitled to protection under the appropriate legal standards. All submissions to the Court which incorporate or disclose Confidential Material shall be labeled on the cover page and on the pages on which such Confidential Material appears

and filed in a sealed container with the caption of this action and the words "SEALED-SUBJECT TO PROTECTIVE ORDER DATED _____," and the following statements: "This contains (description of contents) which incorporate Confidential Material, and is not to be opened nor are its contents to be revealed to anyone other than authorized court personnel or counsel of record, except by Order of the Court."

(d)     The designation of material as Confidential Material shall not itself affect the rights of the Designator (or the Designator's authorized representative) to give or disclose the Material to any Person for any reason. However, if disclosed without confidentiality protection the Materials shall lose their confidential status.

(e)     Confidential Material which the Designator reasonably believes to constitute Highly Confidential Information may be further marked "ATTORNEYS' EYES ONLY." The designation "CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall be reserved for information which may not be disclosed to the requesting Party in this litigation because of its status as a competitor. Such "ATTORNEYS' EYES ONLY" Confidential Material may not be shown, given or otherwise disclosed to any of the Persons identified in subparagraph 4(b)(2).

5.     Each Person given access to Confidential Material pursuant to this Protective Order other than counsel of record and others identified in subparagraph 4(b)(1) shall be advised that (1) the Confidential Material is being disclosed pursuant to and subject to the terms of this Protective Order and may not be disclosed other than pursuant to the terms hereof; and (2) that the violation of the terms of the Protective Order (by use of the Confidential Material for business purposes or in any other impermissible manner) will constitute contempt of a Court Order, and shall be provided

with a copy of this Stipulated Protective Order. Any Person to be given access to Confidential Material must first read the Stipulated Protective Order, and must execute the attached agreement to be bound and consent to the jurisdiction of this Court for purposes of enforcement of this Order. If Confidential Material is to be disclosed during a deposition or trial, the agreement to be bound and consent to jurisdiction may be made on the record and under oath rather than in writing.

6.      Confidential Material shall be designated as follows:

(a)      In the case of documents, designation shall be made by good faith notification to counsel by written communication or by placing "CONFIDENTIAL" on every page of the document prior to production. Documents may be produced for inspection before being marked CONFIDENTIAL. Once specific documents have been designated for copying, any documents containing Confidential Material will then be marked CONFIDENTIAL after copying but before delivery to the Party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked CONFIDENTIAL pursuant to this procedure. However, counsel may designate documents as Confidential, even if produced without a CONFIDENTIAL mark by a good faith written notification to opposing counsel.

(b)      In the case of interrogatory answers, designation shall be made by placing the words "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" on each page of any such answer.

(c)      In the case of depositions, designation of the portion of the transcript (including exhibits) which contains Confidential Material shall be made by a

statement to such effect on the record at any time before the end of each day of deposition is concluded. In addition, a party or witness may, by letter to all counsel of record, designate in good faith any portion of the deposition testimony as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" at any time up to 30 days after actual receipt of the transcript of the deposition. If the designation is made during a deposition, only persons to whom disclosure of Confidential Material is permitted under paragraph III shall remain present while Confidential Material is being used or discussed. The reporter shall bind separate volumes of the transcript and prominently mark each as "NONCONFIDENTIAL," "CONFIDENTIAL," or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," but shall continuously paginate all material in the same order as testimony was taken at the depositions. The Parties may modify this procedure for any particular deposition through agreement on the record at such depositions, without further Court order.

(d)    Notwithstanding the obligations to timely designate Confidential Material under the foregoing paragraphs 6(a), 6(b), 6(c), nothing contained herein shall preclude the Designator from later changing that designation and notifying the other party in writing of that change; provided, however, that it shall not be deemed a breach of this Order for any action to have been taken by the requesting Party or its Counsel with respect to such information and consistent with the original designation of such information prior to receipt of such notice.

7.    The parties agree to jointly request that the Court implement appropriate procedures to protect Confidential Material which may be disclosed at the trial or any hearing in this matter consistent with the spirit and scope of this Order.

8.    No Party concedes that any Material designated by any other person as Confidential Material does in fact contain or reflect trade secrets, proprietary or confidential information, or has been properly designated as Confidential Material. Any Party may at any time, on reasonable notice and after first consulting in good faith with the opposing party, move for relief from the provisions of this Stipulated Protective Order with respect to specific Material.

9.    A Party shall not be obligated to challenge the propriety of the designation of Material as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" at the time made, and failure to do so shall not preclude a subsequent challenge. If a Party challenges a designation, it shall give notice to the Designator, and they shall attempt to resolve any challenge in good faith on an expedited and informal basis. If the challenge cannot be expeditiously and informally resolved, either the Designator or the challenging Party may apply for a ruling from the Court. The Material in issue shall continue to be treated as designated until the Court orders otherwise.

10.    Any Designator may, at any time, withdraw the "CONFIDENTIAL" or CONFIDENTIAL-ATTORNEYS' EYES ONLY" designation of any Confidential Material by that Designator.

11.    This Stipulated Protective Order shall survive and continue to be binding after the conclusion of this action. The Court shall retain jurisdiction to enforce this Order.

12.    At the conclusion of this action, including any appeals, all items designated or reflecting Confidential Material and all copies of them, including all copies furnished to persons identified in paragraph 4, (except as provided herein with respect to

7

documents reflecting privileged communications or attorney work product) shall be promptly returned by counsel for the receiving Party to counsel for the Designator or, in the alternative, destroyed, with a certificate of destruction to counsel for the Designator. To the extent that privileged communications or attorney work product contain Confidential Material, the receiving Party may, in lieu of returning such items, destroy them and certify in writing to the Designator that such items have been destroyed. Notwithstanding the foregoing, counsel of record may retain any submissions to the Court, privileged communications or attorney work product containing confidential information, subject to the provisions of this Stipulated Protective Order.

13.     Each Party, Designator and Person bound by this Order shall be entitled to move for modifications of this Stipulated Protective Order for good cause on notice to the Parties and any affected Designator. Prior to any such motion for modification, counsel shall attempt to reach agreement without resort to the Court.

14.     Production or disclosure of Confidential Material under this Stipulated Protective Order shall not prejudice the right of any Person making that production or disclosure to maintain the trade secret status or confidentiality of that Material in other contexts.

DATED _August 2nd_, 2005.

BY THE COURT:

United States District Court Judge

STIPULATED TO AND APPROVED:


s/ Kurt Lewis                                          s/ Leigh Davis
Kurt Lewis                                             Fred D. Gibson, III
Charlene Krogh                                         Leigh Davis
LEWIS SCHEID LLC                                       HALE LANE
2300 Fifteenth Street                                  2300 West Sahara Ave., 8th Floor
Suite 2300                                             Box 8
Denver, CO 80202                                       Las Vegas, NV 89102
Tel. (303) 534-5040                                    Tel. (702) 222-2500
Fax (303) 534-5039                                     Fax (702) 365-6940
kurt@lewisscheid.com                                   pgibson@halelane.com

**ATTORNEYS FOR PLAINTIFF**                            and

                                                       Bruce Featherstone
                                                       Featherstone DeSisto, LLP
                                                       600 17th Street, Suite 2400
                                                       Denver, CO 80202
                                                       Tel. (303) 626-7100
                                                       Fax (303) 626-7101
                                                       bfeatherstone@featherstonelaw.com

                                                       **ATTORNEYS FOR DEFENDANT**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**
Senior District Judge Richard P. Matsch

Civil Action No. 04-cv-2526-RPM

DAVID LEONARDI,
d/b/a LEONARDI EXECUTIVE HEALTH INSTITUTE

      Plaintiff,

v.

CENEGENICS, LLC,
d/b/a CENEGENICS MEDICAL INSTITUTE

      Defendant.

---

## ACKNOWLEDGEMENT

---

I, _____, acknowledge that I have received and

read a copy of the attached Stipulated Protective Order; I agree to comply with and be

bound by this Stipulated Protective Order; I hereby submit to the jurisdiction of the

United States District Court for the District of Colorado with respect to any action arising

out of any claim of violation of the Stipulated Protective Order.

      Dated this _____ day of _____, 20___.


                          _____
                          [Name]